IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KESHA GIBSON-CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RAPE CRISIS CENTER, | ) |
| GILBERT BALLARD, | ) |
| CHERYL BRANCH, | ) |
| HEATHER BOOTH, | ) |
| ROBERT BRYSON, | ) |
| DEENA CAMACHO, | ) Case No. 4:19-cv-122-RSB-CLR |
| SANDRA CLARK, | ) |
| PAT DOUGLAS, | ) |
| KIMBERLY FRITZ-TANNER, | ) JURY TRIAL DEMANDED |
| WENDY FUREY, | ) |
| ROSE GRANT-ROBINSON, | ) |
| MEG HEAP, | ) |
| JOSEPH HOGAN, | ) |
| MIKE HUGHES, | ) |
| A. BLAIR JEFFCOAT, | ) |
| KATIE JOYNER-BARBER, | ) |
| MATT LIBBY, | ) |
| JOSEPH LUMPKIN, | ) |
| BRETT LUNDY, | ) |
| MARK MERRIMAN, | ) |
| MARK REVENEW, | ) |
| MARY ROBERTS, | ) |
| CHERYL ROGERS, | ) |
| KEVIN SHEA, and | ) |
| LYNNE WOLF. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

The Court is in receipt of Wendy Furey's Consent Motion to Stay Discovery Pending Ruling on Defendants' Motions to Dismiss, filed under Fed. R. Civ. P. Rule 26(c). For the following reasons, that Motion is ***GRANTED***.

1

On June 3, 2019, Plaintiff filed this action alleging civil rights claims and constitutional violations against multiple Defendants following the termination of Plaintiff's employment at the Rape Crisis Center. Plaintiff included claims against all Defendants under 42 U.S.C. §§ 1981, 1983, and 1985(3), alleging that those Defendants engaged in unconstitutional racial discrimination and punished her for certain public statements. Multiple Defendants have moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, Doc. Nos. 27, 30, 41, 45. Multiple Defendants have also raised defenses of, *inter alia*, qualified immunity within those motions, which would insulate them from discovery, including Rule 26(f) conferences. *See* Doc. Nos. 27 at 18-26, 30-1 at 19-21, 41-1 at 19-21, 45-1 at 24-25. Plaintiff has opposed all motions to dismiss. *See* Doc. No. 48. On August 2, 2019, Wendy Furey filed her <u>Consent Motion</u> on behalf of all Defendants and with the consent of Plaintiff.

"The '[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.'" *Adams v. Anesthesia & Pain Med. Assocs., LLC*, No. CV 108-025, 2008 WL 11350102, at *1 (S.D. Ga. Sept. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In deciding whether to stay discovery, "the Court should [] balance the harm produced by a delay in discovery against the possibility that [a dispositive motion] will be granted and entirely eliminate the need for such discovery." *Id.* (citing *Feldman*, 176 F.R.D. at 652 (internal citation and quotation omitted)). "This involves weighing the likely costs and burdens of proceeding with discovery." *Id.* (citing *Feldman*, 176 F.R.D. at 652 (internal citation and quotation omitted)).

Courts routinely stay discovery if a motion to dismiss is pending. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997); *James v. Terex Corp.*, No. 5:16-CV-60, 2016 WL 5109152, at *2 (S.D. Ga. Sept. 20, 2016) (citing *Diaz v. Atkinson Cty.*, No. 5:15-CV-16,

2015 WL 4507936 (S.D. Ga. July 24, 2015); *Habib v. Bank of Am. Corp.*, No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011). Here, given that all parties consent to the proposed stay, and given that such a stay will likely conserve judicial and litigant resources in the ways outlined in the Consent Motion, the Court finds that good cause exists to stay discovery.

Accordingly, discovery on all claims and for all parties is ***STAYED*** until the District Court decides the last of the Rule 12(b)(6) motions currently pending on the docket. The 140-day discovery period shall not run during this stay. After the District Court resolves the last of the currently pending Rule 12(b)(6) motions, provided any claims or parties remain, the parties shall ***CONFER*** pursuant to Rule 26(f) within two weeks of the decision and ***SUBMIT*** their Rule 26(f) report and their Rule 26(a) disclosures within two weeks of that Rule 26(f) conference date. From the date of the Rule 26(f) conference, discovery shall run according to the normal, 140-day period provided in this District. The Court shall issue a scheduling order upon the disposition of the final Rule 12(b)(6) motion currently pending memorializing these deadlines and setting a schedule for any pending discovery.

THIS 5th DAY OF AUGUST, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

*Order Prepared By:*

**BOUHAN FALLIGANT LLP**
CARLTON E. JOYCE
Georgia Bar No. 405515
LUCAS D. BRADLEY
Georgia Bar No. 672136
*Attorneys for Defendant*
*Wendy Furey*
Post Office Box 2139
Savannah, GA 31402
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
cejoyce@bouhan.com
ldbradley@bouhan.com